**Ruben Pablo VELASQUEZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05-77409.

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2007 *.

Filed June 14, 2007.

Christopher S. Yates, Esq., Rees Ferriter Morgan, Latham & Watkins, LLP, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA,

David V. Bernal, Jennifer Paisner, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, RYMER, and T.G. NELSON, Circuit Judges.

MEMORANDUM **

Ruben Pablo Velasquez, a native and citizen of Guatemala, petitions for review of a Board of Immigration Appeals ("BIA") decision that affirmed the ruling of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252.

"Where, as here, the BIA conducts a de novo review of the IJ's decision, our review is limited to the BIA's decision." *Malhi v. INS,* 336 F.3d 989, 992 (9th Cir.2003). We review for substantial evidence, *Gu v. Gonzales,* 454 F.3d 1014, 1018 (9th Cir.2006), and we deny the petition.

The BIA denied Velasquez's petition for asylum and withholding of removal, finding that, even assuming Velasquez had proven past persecution on account of a protected ground, the Government had successfully rebutted the presumption of a well-founded fear of future persecution by demonstrating changed country conditions. Substantial evidence supports the BIA's finding. *See Gonzalez–Hernandez v. Ashcroft,* 336 F.3d 995, 1000 (9th Cir.2003) (citation omitted).

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Substantial evidence supports the denial of Velasquez's CAT claim because he did not establish that it was more likely than not that he would be tortured if he returned to Guatemala. *See Malhi,* 336 F.3d at 993.

Finally, because substantial evidence supports the BIA's findings, we need not address Velasquez's contentions regarding firm resettlement.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3. We deny Pekrul's request for publication.